IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Deutsche Bank National Trust Co., | : | Case No. 3:07CV2451 |
| Plaintiff, | : | |
| v. | : | MAGISTRATE'S REPORT AND RECOMMENDATION |
| Timothy W. Bonn, et al., | : | |
| Defendants. | : | |

This foreclosure action filed pursuant to 28 U.S.C. § 1332 was referred to the undersigned magistrate for pretrial management and the filing of a report and recommendation. Pending is Plaintiff's Motion for Default Judgment which is accompanied by a proposed order (Docket No. 37).

For the reasons that follow, the undersigned recommends that default judgment and decree of foreclosure be granted and that the lien of the Lucas County Treasurer be given appropriate priority as provided by Ohio law.

This action was filed on August 10, 2007, naming Timothy W. Bonn, Jeannie L. Bonn, State of Ohio Department of Taxation, Cline, Cook & Weisenburger Co. and the Lucas County Treasurer as defendants. Defendants Timothy W. Bonn and Jeannie L. Bonn executed a promissory note and mortgage referenced in the complaint. Plaintiff is the holder of the note and mortgage which secures the amounts due under the note. As a result of defendants' failure to timely pay the note, the note and mortgage are in default. Consequently, the conditions of the mortgage have been broken, and Plaintiff is entitled to have the equity of redemption and dower of the current title holder(s)

foreclosed.

The undersigned further finds that the summons and complaint were properly served upon defendants; however, only the Lucas County Treasurer (Docket No. 8) and Cline, Cook & Weisenburger Co. (Docket Nos. 20 and 25) have filed answers or other responsive pleadings. Consequently, the Clerk has entered the default for each defendant other than the Lucas County Treasurer and Cline, Cook & Weisenburger Co. The State of Ohio Department of Taxation was dismissed from the lawsuit on September 21, 2007 (Docket No. 15).

Based upon a review of the pleadings and supporting documents, the undersigned finds that the mortgage was recorded with the Lucas County Recorder and is a valid and subsisting first mortgage on the property; however, Plaintiff's mortgage is junior in priority under Ohio law to the lien held by the Lucas County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

The Court finds that Cline, Cook & Weisenburger Co. has filed a disclaimer of interest, disclaiming all right to, interest in or title to the subject property. As a result, this defendant is forever barred from asserting an interest in the property.

The undersigned also finds that there is due on the note: 1) principal in the amount of $92,041.18, plus interest on the principal at the rate of 8.75% per annum from February 1, 2007; all late charges imposed under the note; all advances made for the payment of real estate taxes and assessments and insurance premiums and all costs and expenses incurred for the enforcement of the note and mortgage except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court further finds that the Plaintiff has an additional interest by virtue of a second mortgage in the amount of $23,200, filed for record on December 13, 2005, and recorded as Official Instrument Number 20051213-0092731, Recorder's Office, Lucas County, Ohio Recorder's Office, Lucas County, Ohio. This mortgage shall be released after the confirmation of sale.

Accordingly the magistrate recommends that unless the sums found to be due to Plaintiff are fully paid within ten days from the date of the judgment entry and decree of foreclosure that: judgment for the amount due on the note and mortgage be entered against Timothy W. Bonn and Jeannie L. Bonn, the equity of redemption of the defendant title holders in the property shall be foreclosed and the property be sold free of the interests of all parties to this action. If payment is not made as required, the magistrate recommends that an order of sale shall issue to a master commissioner, directing him/her to appraise, advertise and sell the property according to the law and orders of this Court and to report his /her proceedings to this Court.

The undersigned further recommends that the proposed judgment entry and decree of foreclosure (Docket No. 37) submitted by Plaintiff be entered.

So ordered.

/s/ Vernelis K. Armstrong
U. S. Magistrate Judge

Dated: 12/23/08

**Notice**

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

3

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.